UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMES M. COLVIN | * | |
| | * | CIVIL ACTION |
| VERSUS | * | |
| | * | NO: |
| OMNI HOTELS MANAGEMENT | * | |
| CORPORATION, and OMNI ROYAL | * | JUDGE: |
| CRESCENT CORPORATION, | * | |
| | * | MAGISTRATE: |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## **COMPLAINT**

James M. Colvin, Plaintiff in the above referenced matter, brings this Complaint against Defendant Omni Hotels Management Corporation ("OHM") and Omni Royal Crescent Corporation ("Crescent") for personal injuries suffered due to the negligence of Defendants, and shows the Court as follows:

1.

Plaintiff is a resident of Georgia.

2.

Defendant OHM is a Delaware corporation with its principal office in Texas and is registered to do business in Louisiana and does business in Louisiana. Said Defendant may be served by personal service on its registered agent:

Corporation Service Company
320 Somerulos Street
Baton Rouge, LA 70802-6129

3.

Defendant Crescent is a Delaware corporation registered to do business and doing business in Louisiana. Said Defendant may be served by serving its agent for process:

Corporation Service Company
320 Somerulos Street
Baton Rouge, LA 70802-6129

4.

This Court has jurisdiction and venue of this case since the amount in controversy exceeds $75,000.00 and the Plaintiff on the one hand and the Defendants on the other are residents of different states. In addition, pursuant to 28 U.S.C. 1391(b), venue is proper in this district because the damages and injuries occurred in New Orleans and the Defendants are registered to do business in Louisiana.

5.

Defendant Crescent is a corporation that owns the hotel known as the Omni Royal Crescent Hotel which is located in New Orleans, Louisiana. At all times material, Defendant Crescent had responsibility at the Omni Royal Crescent Hotel ("Hotel") for maintaining the hotel so that it was reasonably safe for guests who stayed at the hotel, and included in this responsibility was the obligation of assuring that the rooms did not expose guests to dangerous conditions.

6.

The Defendant Omni Hotels Management Corporation ("OHM") operates and manages many Omni hotels around the country and in particular it manages the Omni Royal Crescent Hotel in New Orleans. At all times material, the Defendant OHM had an agreement to perform management and operating services for Omni Royal Crescent Corporation and probably for the parent company that owned both OHM and Crescent. At all times material, OHM had the responsibility for managing and maintaining the hotel so that it was reasonably safe for guests who stayed at the hotel and included in this responsibility was the obligation of assuring that the rooms were safe and the guests were not exposed to unsafe or dangerous conditions.

7.

The Plaintiff stayed at the hotel on August 7, 2010, and the room assigned to the Plaintiff had a bathroom with a bathtub and a shower that was located in the bathtub area. There was a showerhead in the bathtub that was installed about 5 feet high and rather than being installed at either end of the tub, it was installed at the midpoint of the tub so that the spray from the shower went across the tub at its narrowest point.

8.

As a result of this odd configuration, the shower spray was directed across the tub (rather than the length of the tub). Secondly, the shower curtain that separated the tub from the bathroom floor was not continuous but rather was in two pieces that when pulled together joined in the middle – where the spray from the shower hit.

9.

There was installed a water drain for water that went outside the tub from the shower and the floor was slick marble. The drain undoubtedly was intended to catch water coming out of the shower since the drain was only installed 2 to 3 inches from the tub itself. As a result, both Defendants were aware that in this design for the shower they had an expectation that the floor would be sufficiently flooded such that the drain was required.

10.

The Defendants both had knowledge of the conditions in the Plaintiff's guestroom at the hotel since they knew water was entering the bathroom floor directly from the shower in large volumes sufficient to require a drain and this was installed since the Defendants anticipated water would flood and require drainage.

11.

It is not known whether the Defendants actually designed the shower but it is known that the Defendants, once it became either owner of the property or in charge of managing the safe operation of the hotel, were obligated to maintain the bathrooms in a safe condition and was obligated to maintain the showers in the Plaintiff's room in such a way that the configuration and use of the shower would not be dangerous and would not be unsafe. Both Defendants had an obligation to see to it that the shower was maintained in a condition that did not flood the bathroom floor and did not cause water to flow into the bathroom itself in large volumes, and was obligated to assure that the marble floor was not dangerously slippery.

12.

On the night of August 7, 2010, Plaintiff when exiting the shower slipped on the drenched wet floor outside the tub and as a result slipped backwards with his ribs hitting the sharp edge of the tub edge and as a result five ribs were broken in half.  In addition, the Plaintiff suffered a punctured lung.

13.

The Plaintiff thereafter was transported by emergency vehicle to Tulane Hospital in New Orleans and later was transported to Northside Hospital in Atlanta, Georgia, where Plaintiff was placed in intensive care and major surgery was performed to repair the broken-in-half ribs and the punctured lung.

14.

Plaintiff was an invitee of the Defendants and suffered serious damages and the proximate cause of the injuries to the Plaintiff was the negligence of Defendants maintaining the bathroom in an unsafe condition and the allowing of the room to be occupied when it was known that there was an unsafe condition in the shower/bathroom, Defendants knew the volume of water expected on the bathroom floor was so great that a drain was installed.  In addition, the Defendants did nothing sufficient to divert water from the floor when a person stepped from the shower, and in fact, Defendants exacerbated the problem by providing for a shower curtain that facilitated water to flow straight onto the bathroom floor thereby resulting in the condition that caused the Plaintiff to slip and fall

backwards onto the tub. The shower also was dangerous in that the entire shower bath area had no grab bars.

15.

Defendant OHM was obligated to manage and operate the hotel with reasonable and ordinary care and in this OHM failed to do with respect to the Plaintiff.

16.

The Defendant Crescent had the same obligation as did OHM to maintain the property in a safe condition and to avoid dangerous conditions such as existed in the Plaintiff's room on August 7, 2010.

17.

Both Defendants were negligent and breached their duty of ordinary care to the Plaintiff and as a proximate result of the Defendants' negligence, the Plaintiff was severely injured.

## **COUNT 1**

Negligence of Defendant Omni Hotels Management Corporation

18.

Count 1 incorporates by reference paragraphs 1 through 17.

19.

OHM was in charge of the daily management of the hotel and was directly responsible for maintaining it in a safe condition.

20.

By reason of the negligence of OHM in maintaining the hotel room, the Plaintiff suffered serious damages as well as severe pain and suffering, including Plaintiff being required to be placed in an intensive care unit and surgery was required to be performed to seek to remedy the serious injuries.

21.

Plaintiff's damages were proximately caused by Defendant OHM's negligence.

22.

Plaintiff is entitled to recover $700,000.00 from Defendant OHM.

## COUNT 2

Negligence of Defendant Omni Royal Crescent Corporation

23.

Count 2 incorporates by reference paragraphs 1 through 17 of the Complaint.

24.

Defendant Crescent was responsible for the configuration of the bath shower in the Plaintiff's room.

25.

Defendant Crescent failed to furnish and maintain a safe bath/shower configuration in the Plaintiff's hotel room and as a result of the negligence of the configuration of the bath, the Plaintiff was severely injured.  Said negligence with respect to the layout and design of the bath/shower area was the proximate cause of the Plaintiff's injuries.

26.

The negligence of Defendant Crescent included the showerhead locations being placed at a location that assured large volumes of water going outboard of the tub and onto the bath floor.  At the same time, the Defendant Crescent furnished no grab bars and furthermore placed the shower curtain in such a configuration that large volumes of water was certain to escape through the shower curtain onto the floor.

27.

The negligence of Defendant Crescent was the proximate cause of the injury as well as the pain and suffering to the Plaintiff.

28.

By reason of said negligence, Plaintiff is entitled to recover $700,000.00 for its damages.

**COUNT 3**

29.

Count 3 incorporates by reference paragraphs 1 through 17 of the Complaint.

30.

Both Defendants were jointly and severally responsible for providing safe rooms to its guests, including the room used by Mr. Colvin on August 7, 2010.

31.

Both Defendants were responsible for maintaining the rooms such that the bath/shower area would be safe for use, and in the case of Mr. Colvin's room the

Defendants failed to carry out their duty of making the bath/shower configuration reasonably safe and not dangerous. The configuration of the bath/shower was performed negligently, and in addition both Defendants allowed the room, as dangerous as it was, to continue to be used. This negligence ultimately is what led to the damages to the Plaintiff.

32.

It is also believed that with respect to these Defendants, both are jointly liable for failing to furnish a bath/shower configuration that was consistent with the standards and designs normally used to assure safety in hotels.

33.

For the foregoing reasons, Plaintiff seeks to recover from the Defendants, jointly and severally, $700,000.00.

WHEREFORE, Plaintiff prays:

a) that process issue and the Defendants be served;

b) that the Plaintiff recover of the Defendant OHM on Count 1, $700,000.00, or such amount as may be proved at trial; or

c) that the Plaintiff recover of the Defendant Crescent on Count 2, $700,000.00; or

d) in the alternative to Counts 1 and 2, that Plaintiff recover from the Defendants, jointly and severally, $700,000.00;

e) Plaintiff prays that this matter be tried to a jury; and

f)  Plaintiff prays that it recover such other relief as the Court may deem appropriate.

Respectfully submitted,

_/s/ Daniel J. Claruso_____
Daniel J. Caruso, Bar No. 3941
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
1100 Poydras Street
30th Floor - Energy Centre
New Orleans, Louisiana 70163
(504) 569-2030

Attorneys for James M. Colvin

N:\DATA\L\10072001\Colvin Complaint.wpd